**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER BILEK, individually and on behalf of others similarly situated,  )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br>FEDERAL INSURANCE COMPANY,  )<br>HEALTH INSURANCE INNOVATIONS,  )<br>INC., and DOES 1-10,  )<br>Defendants.  ) | Case No. 1:19-cv-08389<br><br>Hon. Judge Charles P. Kocoras<br>Hon. Mag. Judge Susan E. Cox |

**PLAINTIFF'S MOTION FOR LIMITED EARLY DISCOVERY**

Plaintiff respectfully seeks an order from the Court directing that HII disclose to Plaintiff the source of the telemarketing call – or at least the telemarketing *lead* that led to HII's quotation of insurance to Plaintiff, and to permit Plaintiff to issue subpoenas to telephone and telemarketing companies, in order to try to ensure preservation of relevant data. In support, Plaintiff states:

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1 *et seq.*, prohibit unsolicited, prerecorded telemarketing.

2. On September 20 and 26, 2019, Plaintiff received identical prerecorded telemarketing calls, advertising health insurance. Plaintiff pressed "1", and went through a brief questionnaire before he was issued a quotation for a Federal Insurance Company ("FIC" or "Chubb") insurance policy. The Chubb quote was facilitated through Defendant Health Insurance Innovations, Inc. ("HII"), a lead generation platform and service provider.

3. As is their general practice, Defendants did not physically place the telemarketing calls at issue; instead, HII used vendors to make calls on its behalf. The caller ID for both calls

was spoofed in order to (a) trick consumers like Plaintiff into answering calls he might otherwise not answer, and (b) make it difficult to ascertain who placed the calls in case of a lawsuit.

4. Plaintiff files this motion in order to try to help ensure that call and marketing lead records are preserved. There is a real risk of destruction of such records, as well as prejudice to Plaintiff, as evidenced by the Defendants' arguments in *Moser v. Health Ins. Innovations, Inc.*, No. 17-CV-1127-WQH-KSC, 2019 WL 3719889, at *12 (S.D. Cal. Aug. 7, 2019), a TCPA case also against HII, which was certified last summer. The telemarketing entities, which were added as defendants in that case, argued that the class could not be certified because they did "not maintain sufficient detailed call records." *Id.* at n. 6. Plaintiff's goal is to obtain the call and lead records themselves.

5. The best way of obtaining the call and quotation data is for HII to immediately disclose the entities behind the quotation it provided to Plaintiff,[1] and for Plaintiff to follow up through subpoenas to those telemarketers and their phone companies or vendors, if necessary, to obtain the call and lead data for the putative class.

6. Plaintiff has attempted to meet and confer with HII, to no avail. Plaintiff and HII scheduled a telephonic meet and confer for January 16, 2020, but unilaterally cancelled the call in advance, explaining that it knows its preservation duties. Exhibit 1. HII then ignored Plaintiff's attempt to follow up. *Id.*

7. The Court has the authority to permit this discovery. Under the Federal Rules of Civil Procedure, discovery may commence, among other things, after the parties have conferred as required by Rule 26(f), or "by court order." Fed. R. Civ. P. 26(d)(1). "As the Seventh Circuit

---

[1] HII keeps track of prospective customers in a database, and issues quotes based upon ZIP code, state/ZIP code, and income. Exhibit 2, Cugini Dep. at 54. Plaintiff wishes to ensure that HII has preserved this database, too.

has emphasized time and again, the district court has wide discretion with respect to discovery matters, including the settling of discovery disputes, determining the scope of discovery, and otherwise controlling the manner of discovery." *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896, 901–02 (S.D. Ind. 2018) (citing *Thermal Design, Inc. v. American Soc'y of Heating, Refrigerating and Air-Conditioning Engrs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014)); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

8. There is a compelling need for these materials to be preserved on the short-term. Indeed, oftentimes TCPA cases have turned on the spoliation of records applicable to the class. *See, e.g., Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification where "critical information regarding the identity of those who received the facsimile transmissions" was unavailable).

9. Plaintiff submits that, at a minimum, immediate preservation efforts should include: (1) compelling HII to disclose the agent(s) and/or telemarketer(s) associated with any call or lead for Plaintiff, (2) ordering HII to preserve all quoting and lead data and records for Chubb/FIC, and (3) granting Plaintiff leave to issue subpoenas to attempt to secure relevant records from the unknown third parties involved in the calling and lead generation at issue.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order: (1) compelling HII to disclose the agent(s) and/or telemarketer(s) associated with any call or lead for Plaintiff, (2) ordering HII to preserve all quoting and lead data for Chubb/FIC, (3) granting Plaintiff leave to issue subpoenas to attempt to identify any other involved third parties and ensure production and preservation of applicable data and other materials, and (4) granting such other and further relief the Court deems reasonable and just.

                                            Respectfully submitted,

Dated: January 24, 2020                CHRISTOPHER BILEK, individually and
                                            on behalf of others similarly situated

                                            By: _/s/ Alexander H. Burke_

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

## FED. R. CIV. P. 37(A)(1)/L.R. 37.2 STATEMENT

      The undersigned certifies that Plaintiff, through counsel, has in good faith attempted to confer with Defendant HII in an effort to obtain the discovery requested herein without court action, but that such attempts were unsuccessful, including by defense counsel's refusal to meet-and-confer by phone on the basis that they "do not think that a call is necessary as we believe that the parties understand the preservation requirement." Exhibit 1. Plaintiff has also discussed the relief sought in this motion with FIC, including through a telephone call between undersigned counsel and FIC's attorney Arthur McColgan on January 23, 2019, and by email, but has not heard back with FIC's position by the time of filing.

                                                      _/s/ Alexander H. Burke_

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 24, 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                          */s/ Alexander H. Burke*