**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BILEK, individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:19-CV-08389 |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | Honorable Charles P. Kocoras |
| HEALTH INSURANCE INNOVATIONS, | ) | |
| INC., and DOES 1-10, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HEALTH INSURANCE INNOVATIONS, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Christopher Bilek ("Plaintiff") alleges he received two phone calls to his cellular phone in violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act ("IATDA"), 815 ILCS 305/1 *et seq.*

Plaintiff's Complaint should be dismissed for several independent reasons. First, the Court does not have general or specific jurisdiction over HII because HII is not "at home" in Illinois and because Plaintiff's claims do not arise from HII's contacts with Illinois (but instead from the alleged activities of an unrelated third-party). Second, the Court does not have jurisdiction over HII to certify a nationwide class. Finally, Plaintiff fails to state a plausible claim for direct or vicarious liability for alleged violations of the TCPA or IATDA.

## I.       FACTUAL BACKGROUND

HII assists in the development of web-based insurance plans and ancillary products and is a third-party administrator. HII does not make telephone calls to sell insurance. Once an insurance policy is sold by an independent insurance agent or agency, HII's role is to send policy documents

via email through its web-portal to the insured and to facilitate the collection of insurance policy premium payments from the new policyholder.

Plaintiff alleges that he received two calls to his cellular telephone from an unidentified third-party (not HII) on September 20, 2019 and September 26, 2019. (Compl. at ¶¶ 12, 16). Despite admitting that HII did not initiate either call (id., ¶ 2), Plaintiff nonetheless seeks to hold HII liable for those calls. The relevant allegations relating to each call are as follows:

### September 20, 2019 Phone Call

Plaintiff alleges that he received a phone call on September 20, 2019. (Compl. at ¶ 12.) Plaintiff further alleges that he answered the call and heard a "pre-recorded message that solicited health insurance" (id., ¶ 13) and was thereafter connected to a live agent, who provided Plaintiff with a quote for health insurance "underwritten by Chubb" (id., ¶ 14).

Plaintiff does not allege that HII's name was ever mentioned during this call. Instead, Plaintiff alleges (in a conclusory fashion) that HII "pair[s] the telemarketer with the quote for Chubb Insurance through its online portal." (Id., ¶15.)

### September 26, 2019

Plaintiff alleges that the September 26, 2019 call was placed by an unknown third party (not HII) and played the same prerecorded message as the September 20, 2019 call. (Compl. at ¶¶ 16, 18.) Following an automated prompt, Plaintiff alleges that he was again connected to a live sales agent who "provided Plaintiff with a quote for Chubb health insurance." (Id., ¶ 19.) According to Plaintiff, the "'Chubb' insurance referenced by the sales agents during the [September 20 and 26] calls to Plaintiff was for Federal Insurance Company" or for a "member of the 'Chubb' family of companies." (Id., ¶2 0.) Again, Plaintiff does not allege that HII was ever mentioned or otherwise referenced during this or any other call.

1

## II.    ARGUMENT

### A.    Legal Standard

To state a claim that will survive a motion to dismiss, especially in complex commercial cases which consume significant resources of the parties in the judicial system, the pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is incumbent upon the pleader to cross the "line between the conclusory and the factual" and "between the factually neutral and the factually suggestive." *Twombly*, 550 U.S. at 557 n.5. Unless the pleader has "nudged" the claims "across the line from conceivable to plausible," the complaint must be dismissed. *Id.* at 570. The "plausibility standard" transcends probability and requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, under the "plausibility" standard, legal conclusions and threadbare recitations of formalistic elements of a claim will not survive a motion to dismiss. Accordingly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," as such formalistic allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79. In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

There are strong policy and fairness considerations underlying the "plausibility" pleading standard. *See Twombly*, 550 U.S. at 559-60. In commercial litigation, the "sprawling, costly, and hugely time-consuming undertaking" of discovery "will push cost-conscious defendants to settle even anemic cases." *Id.* at 559 and 560 n.6. Without adherence to the "plausibility standard," there is no

2

assurance that "a claim just shy of plausible entitlement to relief" would "be weeded out early in the discovery process through 'careful case management'" procedures. *Id.* at 559.

### B.     The Court Lacks Personal Jurisdiction Over HII.

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *Sojka v. Loyalty Media LLC*, 2015 WL 2444506, at *2 (N.D. Ill. May 20, 2015); *Northern Grain Mktg., LLC*, 743 F.3d 487, 491 (7th Cir. 2014). The assertion of personal jurisdiction by a federal district court over a non-resident of the state in which the federal court sits is limited by the Fourteenth Amendment's due process clause. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443-44 (7th Cir. 2010). Illinois' long-arm jurisdiction law is coextensive with the limits of the Due Process Clause. *Id.* at 443.

Personal jurisdiction can only be established by demonstrating the existence of either general jurisdiction or specific jurisdiction over a non-resident defendant. *Goodyear Dunlop Tire Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). General jurisdiction permits a court to hear all claims against the non-resident defendant "essentially at home in the forum State" whereas specific jurisdiction over a defendant is limited to claims connected to the non-resident defendant's activities in the forum. *Id.*

In a recent trilogy of cases, the United States Supreme Court addressed the contours of general and specific jurisdiction. In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the Supreme Court surveyed the development of recent personal jurisdiction theory and gathered two sets of simple jurisdictional rules to promote greater predictability. First, a court may assert general jurisdiction under "only a limited set of affiliations with a forum." *Id.* at 760. With respect to a corporation, general jurisdiction exists where the corporation is "at home." *Id.* The *Daimler* Court emphasized that the "paradigm forum" for exercising all-purpose general jurisdiction is the foreign corporation's place of incorporation and principal place of business, subject only to the "exceptional case" where

the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 760 and 761 n.19. Second, specific jurisdiction may be properly exercised where the action arises out of or relates to the non-resident defendant's contacts with the forum. *Id.* at 754.

Following the *Daimler* decision, the Supreme Court further clarified the jurisdictional rules for general and specific jurisdiction. In *BNSF Railway. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), the Supreme Court reinforced the core holding in *Daimler* that the paradigm forum for general all-purpose jurisdiction over a foreign corporation is the state of incorporation or the principal place of business. *Id.* at 1558. For the "exceptional case" in which a foreign corporate defendant's operations in the forum are so substantial that a corporation is "at home" in the forum state, the Supreme Court cautioned that the general jurisdiction analysis does not turn on the amount of the contacts. *Id.* To the contrary, the essential inquiry demands an appraisal of the overall activities of the business. *Id.* This holistic approach weeds out false positives as companies that conduct business in several states "can scarcely be deemed at home in all of them." *Id.* (quoting *Daimler*, 134 S. Ct. at 764 n.20).

In *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1781 (2017), the Supreme Court applied the "settled principles regarding specific jurisdiction" to emphasize the requisite nexus between the foreign corporation's affiliation with the forum and the underlying claim. Regardless of the level of activities within the forum, specific jurisdiction is absent where the underlying claim has no connection with these activities. *Id.* Case specific jurisdiction may only be exercised where the suit arises out of or relates to the non-resident defendant's contacts with the forum. *Id.* at 1780.

i)      **General jurisdiction is absent because HII is "not at home" in Illinois.**

Plaintiff's allegations in support of personal jurisdiction are as follows:

4

> The Court has personal jurisdiction over Defendants and venue is appropriate in this District under 28 U.S.C. § 1391(a) because all Defendants do business in this District, caused the calls that are the subject of this lawsuit to be made to Plaintiff and others in this District, generated sales of insurance products through such calls and lead generation targeted at consumers like Plaintiff in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

(Compl. at ¶11.).

However, Plaintiff admits (as he must) that HII is a Delaware limited liability company and maintains its principal place of business in Tampa, Florida. (*Id.*, ¶ 8.) Therefore, the Court does not have general jurisdiction over HII. *See Daimler*, 134 S. Ct. at 760 (2014). Moreover, Plaintiff does not allege that HII's contacts with the forum state are so "continuous and systematic" as to render HII essentially at home in Illinois. *See Goodyear*, 564 U.S. at 919.

Plaintiff is also prohibited from asserting general jurisdiction under an agency theory. *See Daimler*, 134 S. Ct. at 749 ("Whatever role agency theory might play in the context of general jurisdiction . . . cannot be sustained").

ii) **Specific jurisdiction is absent because HII's in-state activities did not give rise to the claims asserted in this action.**

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). As reinforced in *Bristol-Myers*, specific jurisdiction can only be exercised when the action arises out of or relates to the activities of the non-resident defendant in the forum. 137 S. Ct at 1780.

Here, as in *Bristol-Myers*, there is no connection between HII's activities in Illinois and the alleged telephone calls made to Plaintiff's cell phone, and Plaintiff fails to allege sufficient facts to give rise to specific personal jurisdiction over HII. Rather, Plaintiff alleges that a third party – not HII – initiated the calls to Plaintiff and concedes that HII did not make any of the phone calls at

issue in this case. (Compl. at ¶ 2.) Because HII did not make any of the phone calls to Plaintiff or residents of Illinois, Plaintiff's claims do not relate to any of HII's forum state activities.

### iii) Plaintiff fails to allege facts to establish vicarious liability.

Plaintiff may argue that HII is subject to personal jurisdiction based upon a theory of vicarious liability. The question, then, is whether the Court may assert personal jurisdiction over HII based on an agency relationship with an unidentified third party caller (whether formal or apparent) or, alternatively, whether HII ratified such caller's alleged conduct. Plaintiff has failed to establish a prima facie case of personal jurisdiction based on vicarious liability.

The FCC has made clear that vicarious liability exists under the TCPA only if agency is established under federal common law agency principles including actual or apparent authority or ratification. *See In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6586-87 (May 9, 2013). To find that such an agency relationship existed, the allegations must indicate that the principal had control over the agent's acts. *Chemtool, Inc. v. Lubrication Techs, Inc.*, 148 F.3d 742, 745 (7th Cir. 1998) (the test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent). Applying the FCC's standards and common law agency principles, Plaintiff's allegations do not support a plausible claim that the unidentified third party caller was acting as HII's agent when it made the phone calls.

For instance, Plaintiff admits that HII "did not initiate" the calls to Plaintiff. (Compl. at ¶ 2.) Based on this allegation, some unidentified third party made the calls to Plaintiff. Plaintiff then alleges that he was connected to a live agent who provided Plaintiff with a quote for health insurance "underwritten by Chubb" that was for "Federal Insurance Company" or a "different member of the 'Chubb' family of companies." (*Id.*, ¶¶ 14, 19-20.) These allegations do not satisfy the plausibility requirements of *Iqbal* and *Twombly*. Plaintiff alleges that the calls to him were transferred to an agent, but he does not know who. Plaintiff then speculates that HII somehow

6

"facilitated" the calls "by pairing the telemarketer with the quote for Chubb insurance through its online portal." (Compl. at ¶¶ 14-15.)

Plaintiff's agency claim is thus summarized as follows: (1) an unidentified third party – not HII – called Plaintiff; (2) Plaintiff was transferred to an agent who provided a quote for health insurance underwritten by Chubb; (3) HII was never mentioned during any of the calls; (4) HII's so-called "practice" is to "pair[] the telemarketer with the quote for Chubb insurance through its online portal"; and therefore (5) the third party caller is HII's agent. Plaintiff does not allege a plausible claim that the caller is an agent of HII. Plaintiff also fails to allege a plausible claim that HII somehow contracted with (much less authorized) the unidentified third party to make calls on its behalf under an agency, apparent authority, or ratification theory.

Courts regularly dismiss complaints when plaintiffs fail to include factual allegations that establish the elements of agency. *See, e.g., Warciak v. Subway*, 2019 WL 978666, at *1 (N.D. Ill. Feb. 28, 2019) (dismissing TCPA claim because plaintiff failed to adequately allege vicarious liability under actual agency, apparent authority, or ratification theories); *Meeks v. Buffalo Wild Wings, Inc.*, No. 2018 WL 1524067, at *6 (N.D. Cal. March 28, 2018) (dismissing TCPA claim where plaintiff failed to adequately allege facts supporting agency); *CHIS, LLC v. Liberty Mut. Holding Co., Inc.*, 2015 WL 4249358, at *5 (M.D. Ga. July 13, 2015) (dismissing claims against purported principal when plaintiff "allege[d] no facts regarding the level of control" that the principal had over the agent).

Plaintiff's claims are predicated on calls initiated by an unidentified third party during which HII was never mentioned. The Complaint contains no allegations that plausibly infer that the caller is HII's agent. If Plaintiff alleges that third party caller is somehow a subagent of HII's alleged agent, then this argument also fails because "[a]n agent may appoint a subagent if the agent has actual or apparent authority from the principal to do so." Restatement (Third) Agency, § 3.15(2); *Smith v. State Farm Mutual Automobile Ins. Co.*, 30 F. Supp. 765, 775 (N.D. Ill, Aug. 11, 2014) (refusing to accept

conclusory allegations that insurance agent was authorized to appoint caller as subagent or co-agent). Plaintiff fails to allege any facts whatsoever to establish that the principal (HII) provided actual authority to any third-party to allow the caller to make telephone calls on HII's behalf. Likewise, apparent authority must derive from the statements or actions of the principal. *Id.* at 777. Yet, Plaintiff fails to allege any statement or actions on behalf of HII that would allow a third-party to appoint the caller as a sub-agent.

### iv)    Plaintiff does not allege facts to establish actual authority.

Agency is a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 742 (N.D. Ill., Dec. 1, 2014) (citing Restatement (Third) of Agency § 1.01 (2006)). Plaintiff fails to adequately allege that a formal agency relationship existed between HII and any third-party who allegedly made calls to the Plaintiff, such that HII could be responsible for the calls made to both Plaintiff and controlled the actions of the caller. *See Meeks*, 2018 WL 1524067, at *6 (N.D. Cal. March 28, 2018) (dismissing TCPA claim because "[I]n order to allege a traditional agency relationship, Plaintiff would have to allege Defendant 'controlled or had the right to control [the entity responsible for the text message] and, more specifically, the manner and method of the text message campaign they conducted.'") (quoting *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012, aff'd, 582 Fed. Appx. 678 (9th Cir. 2014)).

Instead, Plaintiff resorts to generalized boilerplate allegations of agency, which cannot suffice to state a claim against HII. Actual authority is limited to actions specifically referenced in a written or oral communication or consistent with a principal's general statement of what the agent is supposed to do. *Jones v. Royal Admin. Servs., Inc.,* 887 F.3d 443, 449 (9th Cir. 2018).

Here, Plaintiff alleges no facts whatsoever that HII had written or oral communications with the third party caller to support an actual agency relationship. Plaintiff's speculative allegation that defendant Federal Insurance Company ("FIC") "contracted with HII to generate business, and HII, in turn, contracted with agents and lead generators to effectuate that marketing" is insufficient as a matter of law to show that HII had the level of control necessary to establish an agency relationship. (Compl. at ¶ 27); *see also Chemtool, Inc.*, 148 F.3d at 745.

Plaintiff fails to allege facts to establish that HII had or has the right to control the unidentified third party caller in any manner whatsoever. Thus, his claim for actual agency fails.

### v) Plaintiff does not allege facts to establish apparent authority.

"Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." *In re DISH Network*, 28 F.C.C. Rcd. at 6587; Restatement (Third) of Agency § 3.03 cmt. b; *Smith*, 30 F. Supp. 3d at 777-78. Apparent authority exists only when alleged facts demonstrate that the agent must have been acting on behalf of and as the principal – sufficient to hold the principal vicariously liable. To plead apparent authority, Plaintiff must allege that he reasonably believed that the unidentified third party called him as an agent of HII and that his belief is traceable to a manifestation of the third party caller's authority from HII. *Smith*, 30 F. Supp. 3d at 777 (apparent authority must derive from the statements or actions of the principal, not the alleged agent).

Plaintiff's allegations regarding the September 20 and 26 phone calls fall short of the standard required to establish apparent authority. Plaintiff alleges that he received a call from an unknown caller, received a quote for health insurance "underwritten by Chubb" and "for Federal Insurance Company" or "a different member of the 'Chubb' family of companies." (Compl. at ¶¶ 14, 20.) However, the name HII is not mentioned in either phone call and there is no statement

made during either call to imply that the caller is authorized to sell anything on behalf or for the benefit of HII. Although Plaintiff vaguely alleges that telemarketers provide insurance quotes based on information obtained from HII's internet platform (*id.*, ¶ 15), Plaintiff again does not allege that anyone – much less HII – mentioned HII's name. Likewise, Plaintiff's allegation that FIC and HII "imbued their lead generators with apparent authority for the calling at issue" because "FIC gave HII and its agents and lead generators authority to use [FIC's] trade name" and other information cannot, as a matter of law, establish apparent authority for HII whose name was never mentioned during either call.

Accordingly, Plaintiff has failed to allege that HII (or anyone else for that matter) made any statements to lead Plaintiff to believe any third-party had authority to act on its behalf. Plaintiff's claim for apparent authority thus fails.

### vi) Plaintiff does not allege facts to establish ratification.

"Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency §4.01(1). A principal can ratify an act by "(a) manifesting assent that the act shall affect the person's legal relations, or (b) conduct that justifies a reasonable assumption that the person so consents." *Id.* §4.01(2). A principal, however, "is not bound by ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge is lacking." *Id.* §4.01 cmt. b.

The Restatement imposes critical restrictions on what type of acts may be ratified. Under the Restatement, a person may ratify an act only "if the actor acted or purported to act as an agent on the person's behalf." *Id.* § 4.03. As the commentary explains, "[w]hen an actor is not an agent and does not purport to be one, the agency-law doctrine of ratification is not a basis on which another person may become subject to the legal consequences of the actor's conduct." *Id.* at § 4.03 cmt. b.

10

This requirement "limits the range of ratifiable acts to those done by an actor who is an agent or who is not an agent but pretends to be." *Id.* § 4.01 cmt. b.

The principal-agent relationship is still a requisite and ratification can have no meaning without it. *See Johansen v. HomeAdvisors, Inc.*, 218 F. Supp. 3d 577, 586 (S.D. Ohio Oct. 31, 2016) (dismissing claims because plaintiff failed to plead ratification because principal-agent relationship required for ratification under the Restatement); *Thomas v. Taco Bell*, 582 F. App'x 678, 680 (9th Cir. 2014) (although a principal is liable when it ratifies an unauthorized tort, the "principal-agent relationship is still a requisite, and ratification can have no meaning without it"); *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at *6 (S.D. Ohio July 10, 2015) (dismissing TCPA claim based on ratification theory for failure to plead principal-agent relationship).

For the reasons discussed above, Plaintiff has not made a plausible claim that HII or the third party caller had a principal-agent relationship under a theory of either actual or apparent authority. Additionally, Plaintiff has failed to allege that any person who allegedly called or spoke to Plaintiff purported to be an agent of HII. Therefore, Plaintiff's claim that HII is liable under a ratification theory fails.

Nonetheless, Plaintiff alleges in a conclusory fashion that HII ratified the calls by accepting "payment for the generation of insurance leads" while knowing that individuals received calls similar to those alleged in a separate 2019 lawsuit. (Compl. at ¶¶ 30-31.) This misconstrues ratification as the benefit must actually arise from the specific call to Plaintiff. *See Toney*, 75 F. Supp. 3d at 745 (ratification theory fails in TCPA case where plaintiff does not allege that defendant "accepted any benefit that stemmed from [defendant's] telemarketing call" and plaintiff did not "allege she did business with [defendant] as a result of" the calls).

As in *Toney*, Plaintiff does not allege that he did business with HII. Indeed, Plaintiff does not allege that he purchased *any* insurance products based on these alleged calls. Instead, Plaintiff merely

11

alleges that he received two calls where an insurance quote was provided over the phone. Thus, Plaintiff fails to allege that HII actually accepted any benefit stemming from the telemarking calls to support a ratification theory.

### C. The Court Lacks Personal Jurisdiction to Certify a Nationwide Class.

Plaintiff seeks to certify the following nationwide class:

> All persons in the United States whose cellular telephone number FIC, or some third party on its behalf, called using an artificial or prerecorded voice or the same or similar dialing system used to call Plaintiff, where prior to such call there existed no signed, written agreement with the recipient that included a disclosure informing the person signing that: (A) By executing the agreement, such person authorizes FIC to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

(Compl. at ¶ 33.)

As a matter of law, the Court lacks personal jurisdiction over HII to certify a nationwide class. *See Bristol-Myers Squibb Co.*, 137 S. Ct. 1773 (holding that a court can validly exercise personal jurisdiction over a non-resident's claims only where the court has general jurisdiction over the defendant or specific jurisdiction over the non-resident's claims). As discussed above, this Court does not have general jurisdiction over HII because HII is incorporated under the laws of Delaware, has its principal place of business in Florida, and otherwise lacks systematic contacts in Illinois. The Court also does not have specific personal jurisdiction over HII as to non-resident (*i.e.*, non-Illinois) plaintiffs' claims. *See Bakov v. Consolidated World Travel, Inc.*, 2019 WL 1294659, at *14 (N.D. Ill. Mar. 21, 2019) (finding the Court lacked jurisdiction over non-resident defendant in TCPA case as to the claims of the nonresident, proposed class members based on *Bristol-Myers*).

HII's due process rights would be violated if the Court were to certify a nationwide class. Courts of this District have repeatedly held that *Bristol-Myers* applies to putative class actions in federal courts. *See, e.g., Bakov*, 2019 WL 1294659, at *14 (finding *Bristol-Myers* applied to actions in

federal court and class actions); *Am's Health and Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *2 (N.D. Ill. July 19, 2018); *DeBernadis v. NbTY, Inc.*, 2018 WL 461228, at *2 (N.D. Ill., Jan. 18, 2018); *McDonnell v. Nature's Way Prods., LLC*, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017).

This Court should follow *Bristol-Myers* and the other district courts in Illinois and determine that the Court lacks jurisdiction to certify a nationwide class against HII.

**D.    The Complaint Fails to State a Claim Under the TCPA.**

The TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ('ATDS') or an artificial or prerecorded voice" to a person's cellular telephone. *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, at *1 (N.D. Ill. July 9, 2015); 47 U.S.C. § 227(b)(1)(A)(iii). To state a TCPA cause of action, a plaintiff must allege: (1) that a call was made; (2) using an ATDS or artificial or prerecorded voice; (3) the number called was assigned to cellular telephone service; and (4) the call was not made with the prior express consent. *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D Ill. 2012).

**i)    Plaintiff fails to allege facts to establish direct liability.**

Plaintiff's claim that HII is directly liable for the calls at issue misses the mark. The scope of direct liability is determined by the statutory text. *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 543 (2019). To be directly liable, the defendant must be the one who makes or initiates the call. *See Smith*, 30 F. Supp. 3d at 771 (only person who physically placed the allegedly unlawful telemarketing calls could be directly liable); *see also Golan v. Freeeats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019) ("[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call . . . and generally does not include persons or entities, such as third-party [entities on whose behalf the call is made], that might merely have some role, however minor, in the causal chain that results in the making of a telephone call); *In re DISH Network, LLC*, 28 F.C.C. Rcd. at 6583 (party cannot be

held directly liable under the TCPA unless it takes steps necessary to physically place a telephone call). It is undisputed that HII did not physically place the calls. (Compl. at ¶ 2.) Accordingly, Plaintiff does not state a claim for direct liability against HII.

### ii)   Plaintiff fails to allege facts to establish vicarious liability.

The FCC has made clear that vicarious liability exists under the TCPA only if agency is established under federal common law agency principles including actual or apparent authority or ratification. *In re DISH Network, LLC*, 28 F.C.C. Rcd. at 6586-87. Plaintiff has failed to plead a plausible claim for vicarious liability for the reasons set forth in Sections III(A)(iii)-(vi) above.

### E.   Plaintiffs fail to state a plausible claim under the IATDA.

To state a claim under the IATDA, a plaintiff must allege that: (1) plaintiff is a telephone customer; (2) the defendant placed a call using an autodialer; (3) the defendant played a prerecorded message; (4) the call was not made with plaintiff's consent; and (5) plaintiff was injured by the defendant's alleged violation. *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. Mar. 20, 2012). For the same reasons Plaintiff fails to state a claim for relief for direct or vicarious liability in the TCPA counts, Plaintiff fail to plausibly plead that HII is directly or vicariously liable for the telephone calls under the IATDA in Counts II and III.

In addition, Plaintiff fails to plead sufficient facts to allege all of the necessary elements of an IATDA claim. Plaintiff pleads that he received two calls to his cellular phone. (Compl. at ¶¶ 12, 16.) Plaintiff's Compliant contains only the conclusory allegation that the calls were made using an automatic telephone dialing system. (*Id.*, ¶ 23.) At best, Plaintiff alleges that the automated nature of the relevant calls is evidenced by the fact that they repeated the same pre-recorded message across both calls to Plaintiff. (*Id.*, ¶¶ 13, 18.) Yet, merely alleging a defendant made calls using an automatic telephone dialing system, using an artificial or prerecorded voice, or using both does not create any inference supporting the allegation that calls were made using an automatic telephone dialing system,

14

and are insufficient to state a facially plausible claim. *See Bonanno v. New Penn Fin., LLC*, 2017 WL 3219517, at \*6 (M.D. Fla. July 28, 2017).

## III. CONCLUSION

This Court does not have personal jurisdiction over HII and Plaintiff fails to sufficiently plead a *prima facie* case of personal jurisdiction over HII. Plaintiff's TCPA and IATDA claims also are not plausibly alleged against HII and are supported only by generalized, conclusory allegations. Accordingly, for all of the reasons set forth above, HII respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: February 13, 2020

Respectfully submitted,

HEALTH INSURANCE INNOVATIONS, INC.

By:     /s/ Timothy A. Hudson
            One of Its Attorneys

Timothy A. Hudson
TABET DIVITO & ROTHSTEIN, LLC
209 South LaSalle St., Ste. 700
Chicago, IL 60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com
ARDC No. 6271244