**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BILEK, individually and on behalf of others similarly situated, | **)** | |
| | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | Case No.: 1:19-cv-08389 |
| v. | **)** | |
| | **)** | Hon. Charles P. Kocoras |
| FEDERAL INSURANCE COMPANY, | **)** | |
| HEALTH INSURANCE INNOVATIONS, | **)** | Magistrate Judge Susan E. Cox |
| INC., and DOES 1-10 | **)** | |
| | **)** | |
| Defendants. | **)** | |

**DEFENDANT HEALTH INSURANCE INNOVATIONS, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Defendant Health Insurance Innovations, Inc. ("HII"), by and through its undersigned attorneys, respectfully submits its opposition to plaintiff Christopher Bilek's ("Plaintiff") Motion for Early Discovery, and states as follows:

1.      Plaintiff has filed a motion seeking expedited discovery that asks the Court, among other things, to order HII to disclose all agents and/or telemarketers associated with any calls to or leads for Plaintiff and to issue broad subpoenas to non-parties to discover their identities and purportedly to produce and to preserve unspecified data and other materials.

2.      Plaintiff's motion is inappropriate and should be denied for two reasons. **First**, Plaintiff has failed to show good cause for expedited discovery. In order to obtain expedited discovery, Plaintiff must establish good cause. *Guava, LLC v. Does 1-5,* No. 1:12-cv-8000, 2013 WL 3270663, * 2 (N.D. Ill. June 27, 2013). "There may be good cause if the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (internal quotation marks and citation omitted).

1

3.      Here, Plaintiff fails to establish good cause for expedited discovery.  Plaintiff

argues that it needs the requested discovery to ensure that certain call and marketing lead records

are preserved.  (Dkt. No. 16 at ¶¶ 4, 8.)  Plaintiff then speculates that relevant materials may be

destroyed because other defendants in another case where HII was a party argued that a class

should not be certified where plaintiffs failed to present evidence regarding call records.  (*Id.* at

¶ 4.)  This argument fails, however, because Plaintiff has not submitted any evidence whatsoever

that there is any risk that HII (or unknown third parties) will destroy or erase the allegedly relevant

information that Plaintiff seeks.  *Guava, LLC,* 2013 WL 3270663 at * 5 ("Guava also has not

properly supported its content that the ISPs will erase the account subscribers' information. . . .

Guava therefore has failed to make a *prima facie* showing of its need for expedited discovery.")

Nor does Plaintiff explain how other parties' arguments (in an unrelated case) that a putative class

should not be certified somehow means that there is a risk here that HII (or others) may or will

destroy records relevant to this case.  To the contrary, Plaintiff admits that HII is aware of its

preservation obligations.  (Dkt. No. 16 at ¶ 6.)  HII will comply with those obligations.

4.      Likewise, Plaintiff also fails to satisfy his burden that the non-parties on whom it

seeks to serve subpoenas may or will destroy relevant evidence, as it must.  *In re Broiler Chicken*

*Antitrust Litig.,* No. 1:16-cv-08637, 2017 WL 1682572, ** 3-7 (N.D. Ill. Apr. 21, 2017).  Nor does

Plaintiff explain how the proposed subpoenas are narrowly tailored and will avoid imposing an

undue burden on the non-parties, the parties, and the Court.  *Id.*  (denying motion for leave to issue

subpoenas and document preservation letters to non-parties because there was no evidence that the

non-parties would destroy relevant information, and the subpoenas were overly broad and unduly

burdensome to non-parties and the Court).  To the extent Plaintiff seeks to serve subpoenas on

non-parties to discover potential causes of action against them, Plaintiff's motion should be denied

because "the Federal Rules do not allow early discovery for the purpose of gathering information for future claims against non-parties." *Lloyd v. Whirlpool Corporation,* No. 19-cv-6625, 2019 WL 5064698, * 2 (N.D. Ill. Oct. 9, 2019).

5.     Furthermore, Plaintiff's motion is nothing more than yet another effort to circumvent discovery orders entered by two federal courts.  Specifically, Plaintiff's attorney previously filed a lawsuit against HII in Florida styled *Hossfeld v. Health Insurance Innovations, Inc., et al.*, Case No. 0:19-cv-60597 (the "Florida Lawsuit").  In the Florida Lawsuit, the Florida District Court rejected Plaintiff's counsel's attempts to conduct discovery until the Court resolved HII's motion to dismiss.  The Florida District Court entered an order staying discovery pending resolution of HII's motion to dismiss and also deferred the parties' obligation to conduct a Rule 26(f) conference. (Dkt. No. 120).

6.     Plaintiff's attorney also served a non-party subpoena on HII for documents and deposition in connection with yet another lawsuit filed in the Northern District of Illinois, styled *Mary Bilek v. National Congress of Employers, Inc., et al.,* Case No. 18-cv-03083 (the "Mary Bilek Lawsuit").  HII moved to quash the non-party subpoena and for a protective order because it failed to comply with Federal Rules of Civil Procedure 30(b)(6) and 45(d)(1) (the "Motion to Quash"). (Dkt. No. 178-1.)  Rather than allow the Florida District Court to rule on the Motion to Quash, Plaintiff's attorney withdrew the subpoena and added HII as a defendant in the Mary Bilek Lawsuit in an attempt to obtain the discovery that had been denied in the Florida Lawsuit and was unavailable under Rule 45.  Plaintiff's attorney then promptly propounded discovery on HII in the Mary Bilek Lawsuit.  HII moved to dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 140).  On December 17, 2019, Magistrate Judge Gilbert issued an order prohibiting discovery on HII until its pending motion to dismiss was resolved.  (Dkt. No. 213.)  Undeterred, Plaintiff's

3

attorney filed the instant lawsuit four days after Magistrate Judge Gilbert's ruling and moved this Court for leave to conduct expedited discovery. Such gamesmanship should not be countenanced.

7.      Accordingly, Plaintiff has failed to meet his burden of showing good cause for expedited discovery of the requested information.

8.      **Second**, Plaintiff's motion should be denied because, on February 13, 2020, HII filed a case dispositive Rule 12(b)(2) and Rule 12(b)(6) motion to dismiss Plaintiff's Complaint because the Court does not have personal jurisdiction over this matter, and because the Complaint fails to state a cause of action upon which relief can be granted. (Dkt. No. 20.)

9.      Pursuant to Federal Rule of Civil Procedure 26(c), a court may enter an order staying or limiting discovery, or ordering that discovery occur in a particular sequence, to protect the parties from undue burden or expense. Fed. R. Civ. P. 26(c). "A defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008). Indeed, Courts in the Seventh Circuit have repeatedly held that where a dispositive motion is pending that may resolve the case and where "requested discovery is unlikely to produce facts necessary to defeat the motion," the requested discovery should be denied. *6100 Pacific, LLC v. CWI, Inc.,* No. 3:17-cv-00153-RLY-MPB, 2018 WL 3127175, ** 1-2 (S.D. Ind. Mar. 16, 2018) (quoting *Sprague v. Brook,* 149 F.R.D. 575, 577 (N.D. Ill. 1993)).

10.      Denying expedited discovery is particularly appropriate where, as here, "the motion to dismiss can resolve the case – at least as to the moving party, or where the issue is a threshold one such as jurisdiction, standing, or qualified immunity." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (internal citations omitted); *see also Alexander v. Take-Two*

*Interactive Software, Inc.*, No. 3:18-CV-966-SMY-MAB, 2019 WL 2176321, at * 1 (S.D. Ill. May 20, 2019) (refusing to let discovery proceed because defendants have raised a critical threshold issue: a challenge to the Court's personal jurisdiction over them and stating that a court must have personal jurisdiction to order compliance with a discovery request). Consistent with Rule 26(c)'s directive that discovery should occur in a manner that avoids imposing undue burdens and expenses on the parties, if HII's dispositive motion is granted in full then the requested discovery would be moot and unnecessary, and if HII's dispositive motion is granted in part, "the Court's ruling still could limit the scope of this case . . . ." *In re Broiler Chicken Antitrust Litig.*, 2017 WL 1682572 at ** 3-4 (denying plaintiff's request to issue broad expedited party discovery and broad expedited document subpoenas and preservation letters to non-parties because of defendant's pending motion to dismiss the case).

11.    For these reasons, judges in this District frequently decline to permit expedited discovery while a dispositive motion is pending. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 336 & n.6 (listing cases); *see also, e.g., 6100 Pacific, LLC,* 2018 WL 3127175 at * 2 (denying early discovery after defendant filed a motion for judgment on the pleadings and until after the motion was resolved).

12.    Here, HII has filed a meritorious case dispositive Rule 12(b)(2) and Rule 12(b)(6) motion to dismiss this proceeding because this Court lacks personal jurisdiction over HII and the Complaint fails to state a claim against HII. If HII's motion is granted, it would dispose of the entirety of the litigation, thereby eliminating any need for discovery and rendering the requested discovery moot. Further, if HII's motion is granted in part, it may streamline issues in the case, thereby reducing the burden of litigation on the parties and the Court consistent with Rule 26(c). *See In re Broiler Chicken Antitrust Litig.,* 2017 WL 1682572 at * 3.

13.     Accordingly, denying Plaintiff's request for expedited discovery would avoid unnecessary costs to the parties and the Court.  Denying Plaintiff's motion also would not prejudice Plaintiff in any way.  For example, Plaintiff does not argue that the requested expedited discovery is necessary to respond to or defeat HII's pending motion to dismiss.  To the contrary, denying expedited discovery protects Plaintiff from expending time and money on discovery in a case that should not survive HII's Rule 12(b)(2) and Rule 12(b)(6) motion to dismiss.  This is especially important here because the Court lacks jurisdiction over HII.  On the other hand, HII will most certainly be prejudiced if it is required to disclose confidential information regarding companies with which it conducts business based on nothing more than conclusory allegations that HII is directly or vicariously liable for the phone calls at issue.

14.     For these reasons, the Court should deny Plaintiff's motion for expedited discovery until after the Court rules on HII's case dispositive motion to dismiss.

WHEREFORE, HII respectfully requests that the Court enter an order denying Plaintiff's Motion for Early Discovery, and granting HII all other and further relief that the Court determines is just and appropriate under the circumstances.

Dated: February 13, 2020                         Respectfully Submitted,

                                                HEALTH INSURANCE INNOVATIONS, INC.

                                                /s/ Timothy A. Hudson
                                                    One of Its Attorneys

Timothy A. Hudson
TABET DIVITO & ROTHSTEIN, LLC
209 S. LaSalle Street, Suite 700
Chicago, Illinois  60604
ARDC No. 6271244
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
thudson@tdrlawfirm.com