UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BILEK, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 19 C 8389 ) |
| FEDERAL INSURANCE COMPANY, HEALTH INSURANCE INNOVATIONS, INC, and DOES 1-10, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Health Insurance Innovations's ("HII") motion to dismiss Plaintiff Christopher Bilek's ("Bilek") Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Defendant Federal Insurance Company's ("FIC") motion to dismiss for failure to state a claim under Rule 12(b)(6). For the following reasons, the Court will grant the motions.

## BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All

reasonable inferences are drawn in Bilek's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Bilek is an Illinois citizen residing in Cook County. Defendant FIC is an Indiana corporation with a principal place of business in Indianapolis, Indiana. FIC is a member of the Chubb family of companies. Defendant HII is a Delaware corporation with a principal place of business in Tampa, Florida.

On September 20, 2019, Bilek received an unsolicited call on his cell phone. The call played a prerecorded message selling health insurance and instructed Bilek to "press 1" to be connected with a live representative. Bilek followed the prompt and the live representative offered Bilek a health insurance policy for $171 per month, plus a $99 one-time fee. Bilek says the health insurance was underwritten by Chubb and facilitated by HII.

On September 26, 2019, Bilek again received an unsolicited phone call on his cell phone, this time from a different phone number. The call again played the same prerecorded message and instructed Bilek to "press 1" for a live representative. Bilek again followed the prompt and was given a quote for Chubb health insurance. Bilek says that the calls used a prerecorded or artificial voice because of "awkward pacing and intonation" that differed from the live representative.

Bilek alleges that the calls were made by an unnamed third-party telemarketer, but that HII knowingly participated in the calls "by pairing the telemarketer with the quote for Chubb insurance through its online portal." HII also provided real-time

2

quoting information and emailed quotes to call recipients during the calls, though Bilek does not allege he received an email.

Bilek says the "Chubb" insurance referred to by the telemarketers was FIC. Bilek alleges that it is the practice of the telemarketers used by HII and FIC to change caller IDs so that recipients cannot tell who is calling.

Bilek alleges that HII and FIC used an automatic telephone dialing system ("autodialer"), with the capacity to dial a large amount of phone numbers in a short period of time without the need for human intervention. In other words, a human did not dial Bilek's phone number when the calls were placed.

Based on these facts, Bilek filed this complaint on behalf of himself and a purported class on December 21, 2019, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Illinois Automatic Telephone Dialers Act, 815 ILCS § 305/1 et seq. ("IATDA"). Bilek seeks to hold HII and FIC directly and vicariously liable because the third-party callers were agents of HII and FIC. On February 13, 2020, HII moved to dismiss Bilek's complaint under Rule 12(b)(2) and (6). On the same day, FIC moved to dismiss Bilek's complaint under Rule 12(b)(6).

## **LEGAL STANDARD**

Rule 12(b)(2) allows a court to dismiss a claim for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction. But once the defendant moves to dismiss the complaint

under this Rule, the plaintiff must demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If the court rules on the motion without a hearing, the plaintiff need only establish a "*prima facie* case of personal jurisdiction." *Id*. (*quoting Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

The court reads the entire complaint liberally and draws every inference in the plaintiff's favor. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (*quoting Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1993)) (internal quotation marks omitted). The court may also consider affidavits from both parties when determining whether a plaintiff has met its burden. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). When the defendant challenges, by declaration, a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found.*, 338 F.3d at 783. While affidavits trump the pleadings in this context, all facts disputed in the affidavits will be resolved in the plaintiff's favor. *See id*. at 782. Unrefuted facts in defendant's affidavits, however, will be taken as true. *GCIU-Employer Ret. Fund*, 565 F.3d 1018, 1023 (7th Cir. 2009).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set

4

forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

HII urges the court to dismiss Bilek's complaint because the Court lacks personal jurisdiction over it and because Bilek fails to allege that it is directly or vicariously liable for the alleged TCPA and IATDA violations. Similarly, FIC argues that Bilek fails to allege that it is directly or vicariously liable for the statutory violations. We address each argument in turn.

### I. Personal Jurisdiction

As a preliminary matter, HII argues that the Court does not have personal jurisdiction over it to certify a nationwide class because potential non-resident class

5

members cannot establish HII's contacts with Illinois. However, the Seventh Circuit recently held, "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020). Accordingly, we only address whether Bilek has established that the Court has personal jurisdiction over HII.

A federal court sitting in Illinois may exercise jurisdiction over a defendant only if authorized to do so by both Illinois law and the United States Constitution. *bE2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). The Seventh Circuit has explained that there is "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (2003)). Illinois law permits a court to exercise personal jurisdiction over a non-resident using its long-arm statute. *Labtest Int'l v. Ctr. Testing Int'l Corp.*, 766 F. Supp. 2d 854, 858 (N.D. Ill. 2011) (citing 735 ILCS §5/2-209). That statute requires nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's contacts with the forum state must not be fortuitous. *Hyatt Int'l Corp.*, 302 F.3d at 715-16. Rather, a defendant must have purposely established those contacts such that it could "reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

6

Two types of personal jurisdiction exist: general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction exists when the party's contacts with the forum state "are so constant and pervasive as to render [it] essentially at home" there. *Id*. Specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Bilek does not challenge HII's argument that the Court does not have general jurisdiction over it. Accordingly, the argument is waived. *United States v. Holm*, 326 F.3d 872 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties," and "perfunctory and undeveloped arguments" are waived.); *Rose v. United States*, 929 F. Supp. 305, 309 (N.D. Ill. 1996) (stating that "the paucity of argument on this issue in [a] response brief essentially waives the claim") (*citing Bakalis v. Golembeski*, 35 F.3d 318, 326 n. 8 (7th Cir. 1994)). HII argues that the Court does not have specific jurisdiction over it because it did not directly make the phone calls targeting Illinois. Morover, HII argues that personal jurisdiction cannot be established under an agency theory because Bilek has not plausibly alleged that the telemarketers are agents of HII. Bilek argues that HII reached out to the forum state by facilitating and knowingly accepting the benefits of telemarketing targeting Illinois consumers, and because the telemarketers were agents of HII under actual authority, apparent authority, and ratification theories. We agree with HII.

Specific jurisdiction requires that "(1) the defendant [ ] purposefully availed himself of the privilege of conducting business in the forum state or purposefully

7

directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Nor is it enough that a "[defendant's] conduct affected plaintiffs with connections to the forum State." *Walden*, 571 U.S. at 291; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (no jurisdiction solely because defendant knew plaintiff could suffer harm in forum state). Rather, the defendant's relation with the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Advanced Tactical*, 751 F.3d at 802 (emphasis in original) (internal citations omitted). And there is no doubt that "the plaintiff cannot be the only link between the defendant and the forum." *Id*.

In the complaint, Bilek alleges that HII is subject to personal jurisdiction because it targeted Illinois by contracting with telemarketers, "caus[ing] the calls that are the subject of this lawsuit to be made," and because HII's online portal was used by the telemarketers to provide quotes. However, these allegations do not show the HII, themselves targeted Illinois. In other words, Bilek does not allege that HII contracted with the telemarketers to call Illinois or otherwise instructed the telemarketers to target Illinois. Moreover, Bilek does not allege that HII received any benefit from the calls targeting him in Illinois. Thus, HII will only be subject to personal jurisdiction if there

8

was an agency relationship. *See Shanahan v. Nat. Auto Protection Corp.*, 2020 WL 3058088 (N.D. Ill. 2020).

### a. Agency

The acts of an agent may be attributed to the principal to establish personal jurisdiction over the principal. *Fletcher v. Doig*, 125 F. Supp. 3d 697, 706 (N.D. Ill 2014); *see Walden*, 571 U.S. at 285 ("physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact"). Parties create an agency relationship when a "person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (2006). An agent's authority can be either actual or apparent. *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 865–66 (7th Cir. 1998).

A plaintiff may establish actual authority when "at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent to so act." Restatement (Third) of Agency § 2.01 (2006); *see also Sphere Drake Ins. Ltd. v. Am. General Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004) (actual authority exists when "the principal explicitly grants the agent the authority to perform a particular act"). "[A]ctual authority may be express or implied." *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000). Express actual authority is given when a

9

"principal explicitly grants the agent the authority to perform a particular act." *Id.* "Implied authority is actual authority that is implied by facts and circumstances and it may be proved by circumstantial evidence." *Id.*

Apparent authority, on the other hand, exists when "a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006); *see also Opp*, 231 F.3d 1060, 1065 (7th Cir. 2000) (quoting *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.*, 577 N.E.2d 1344, 1350 (Ill. 1991)) ("Apparent authority arises when a principal creates, by its words or its conduct, the reasonable impression in a third party that the agent has the authority to perform a certain act on its behalf.").

Bilek argues that the third-party telemarketers had both actual and apparent authority. We address each argument in turn.

### i. Actual Authority

Bilek argues that the agency relationship is established through actual authority because HII (and FIC) expressly and impliedly gave the telemarketers authority to make the alleged robocalls on its behalf. Bilek alleges that HII is the middleman between FIC and the telemarketers. FIC contracted with HII, and HII in turn contracted with the telemarketers in order to market FIC's insurance products. Additionally, Bilek alleges that FIC provided proprietary information to HII to be used in HII's portal when giving

10

quotes to consumers. HII argues that Bilek fails to allege that it had the right to control the third-party telemarketers. We agree with HII

"An essential element of agency is the principal's right to control the agent's actions." *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 742 (N.D. Ill. 2014) (quoting Restatement (Third) of Agency § 1.01, cmt. f(1) (2006)). For example, in *Smith* the Court held that the plaintiff alleged a sufficient factual basis to hold the defendant vicariously liable for a TCPA violation where the complaint included details of the defendant's control over the quality, timing, and volume of calls, as well as the geographic location of customers to be targeted. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 775 (N.D. Ill. 2014). Using the same rationale, the Court in *Meeks* found that the plaintiff could not establish vicarious liability for a TCPA violation because the plaintiff failed to sufficiently allege that the defendant exhibited any control over "whether, when, and to whom to send the text messages, along with their content." *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *6 (N.D. Cal. 2018).

Here, the complaint only alleges a degree of control with respect to content; Bilek alleges HII provided the telemarketers with a script. However, Bilek does not allege that HII controlled the timing of the calls, the quantity of calls, to whom the calls are made, or any geographic location to target. Accordingly, Bilek has not plausibly alleged an agency relationship based on actual authority.

    ii.    **Apparent Authority**

11

Bilek raises the same arguments with respect to apparent authority. For Bilek to sufficiently plead apparent authority, he must allege facts that he reasonably believed the third-party telemarketer called him as an agent of HII and that the belief is traceable to a manifestation from HII. Bilek, however, does not allege any acts by HII that would have allowed Bilek to reasonably believe that the telemarketer had the authority to act on HII's behalf. While Bilek alleges that HII sends emails to call recipients, he does not allege that he actually received such an email. Bilek does not otherwise allege any facts that could allow him to reasonably believe that HII authorized the call.

Bilek argues that the Federal Communications Commission's ("FCC") guidance in *In re Dish Network* supports his apparent authority theories. In *In re Dish Network*, the FCC provided examples of where apparent authority under the TCPA may be found. These examples include providing the agent access to information and systems that would normally be in the principal's control, allowing the agent the ability to enter consumer information into the principal's sales systems, and allowing the agent to use the principal's trade name, trademark, or other service marks. *In re Dish Network*, 28 F.C.C. Rcd. at 6592–93. However, this District has repeatedly rejected arguments based on this guidance because it deviates from established principals of federal agency law. *See, e.g.*, *Smith*, 30 F. Supp. 3d at 779; *Toney*, 75 F. Supp. 3d 727, 745 (N.D. Ill. 2014).

### iii. Ratification

Bilek next argues that HII ratified the acts of the telemarketers because it knew the telemarketers were violating the TCPA but continued to accept benefits from the

12

calls. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency (1) (2006). [K]nowing acceptance of the benefits of a transaction ratifies the act of entering into the transaction. *Id.* § 4.01 cmt. D.

While Bilek argues that HII accepted benefits from other calls, he does not allege that HII received any benefit from the calls made to him. For example, he does not allege that he purchased any insurance through either of the phone calls he received. Therefore, Bilek's ratification argument fails. *See Toney*, 75 F. Supp. 3d at 745–46 ("Plaintiff's ratification theory fails because plaintiff does not allege that Sempris or Provell accepted any benefit that stemmed from Quality's telemarketing calls to plaintiff. Indeed, plaintiff fails to allege that she did business with Sempris or Provell as a result of Quality's calls.").

Accordingly, the Court does not have personal jurisdiction over HII. Because the court lacks personal jurisdiction over HII, we decline to address its Rule 12(b)(6) motion.

## II. Failure to State a Claim

FIC argues that Bilek has failed to allege that they are directly or vicariously liable for the alleged statutory violations of the third-party telemarketers. Bilek does not challenge that FIC was not directly liable for the alleged violative calls. Accordingly, we address whether FIC is vicariously liable for the calls.

13

As previously established, the TCPA allows entities to be held vicariously liable under agency principles for violations committed by third parties. *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6586. To find that a common-law agency relationship existed, the alleged facts must indicate that the principal has control over the agent's acts. *Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998) ("The test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent...."). Bilek argues that FIC is vicariously liable under theories of actual authority, apparent authority, and ratification.

Again, Bilek does allege that FIC had any control over the telemarketers. Unlike the plaintiff in *Smith*, Bilek does not allege that FIC had control over the quality, timing, and volume of calls, as well as the geographic location of customers to be targeted. *Smith*, 30 F. Supp. 3d at 775. Similar to the plaintiff in *Meeks*, Bilek does not sufficiently allege that the defendant exhibited any control over the "whether, when, and to whom". *Meeks*, 2018 WL 1524067, at *6. Accordingly, Bilek has failed to plead sufficient facts to show FIC had actual authority over the telemarketers.

"Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." Restatement (Third) of Agency § 2.03 cmt. c (2006). Bilek alleges that FIC was identified on the calls by the telemarketer. However, this is a manifestation by the alleged agent, not the principal. Bilek does not allege he had any contact with FIC or that FIC otherwise made any manifestations that

14

the telemarketers were acting as its agent. Accordingly, Bilek fails to plead sufficient facts to give the inference that the telemarketers were acting as an agent of FIC.

"Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency § 4.01(1) (2006). Bilek's ratification argument with respect to FIC also fails. Bilek does not allege that he purchased insurance or any other product or service as a result of the calls. Thus, Bilek has not alleged that FIC received any benefit from the calls to him.

Because Bilek has failed to allege an agency relationship between FIC and the third-party telemarketers, Bilek's TCPA and IATDA claims fail. Accordingly, FIC's motion to dismiss is granted.

## CONCLUSION

For the reasons mentioned above, the Court grants the Defendants' motions to dismiss. It is so ordered.

Dated: 07/13/2020

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge