**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BILEK, individually and on behalf of others similarly situated, | ) ) | Case No. 1:19-cv-08389 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | Hon. Judge Charles P. Kocoras |
| HEALTH INSURANCE INNOVATIONS, | ) | Hon. Mag. Judge Susan E. Cox |
| INC., and DOES 1-10, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff respectfully requests that the Court permit him leave to file an amended

complaint. The proposed amended complaint is attached as Exhibit 1. In support of this motion,

Plaintiff states:

Plaintiff filed this class action against Defendants Federal Insurance Company d/b/a

Chubb ("Chubb") and Health Insurance Innovations, Inc. ("HII") on December 21, 2019, to

obtain redress for robocall violations under the Telephone Consumer Protection Act ("TCPA"),

47 C.F.R. § 64.1200(a)(2), as well as for similar robocall and caller ID violations under the

Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/15(d), 30(b). Discovery has

revealed that at least some of the calls at issue were made through a Chubb subvendor, Pakistan-

based Errands Services (Pvt.) Limited ("Errands"), under the control and at the direction of its

owner, Inam Malik. Plaintiff's investigation has revealed that Mr. Malik also owns a lead

generation company, Guidestar Marketing Group LLC ("Guidestar"), which he uses to generate

the phone numbers to call in coordination with Errands. Errands works with another third party,

Telcast Networks LLC, to place and transfer the calls at issue using a Vicidial autodialer.

Plaintiff thus seeks leave to amend in order to add Errands, Guidestar, and Malik as defendants, and to focus the case on TCPA/ATDA robocall and caller ID violations made on behalf of Chubb. Plaintiff also seeks to dismiss HII as a defendant without prejudice. As part of the dismissal of HII, HII has agreed to accept service of subpoenas by email, and has agreed to accept this Court's jurisdiction in the event of any enforcement proceedings concerning subpoenas.

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). "When a plaintiff requests … leave to amend [her complaint], district courts should 'freely give leave when justice so requires.'" *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 2018 WL 6295272, at *12 (7th Cir. Dec. 3, 2018) (quoting Fed. R. Civ. P. 15(a)(2)).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *NewSpin Sports, LLC*, 2018 WL 6295272, at *12 ("The Supreme Court has interpreted [Fed. R. Civ. P. 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend.") (citation omitted). Here, no apparent or declared reason exists to deny Plaintiff leave to amend her complaint:

No Undue Delay. There has been no undue delay. The Court has not set a deadline for seeking leave to amend. This case was the subject of an appeal, and came down from the Seventh Circuit in September 2021, after which Plaintiff's counsel have been diligently

investigating his claims, both with Chubb and by issuing dozens of subpoenas to third parties. Plaintiff seeks leave to amend based on information learned through such efforts. Moreover, Plaintiff's counsel have tried repeatedly to obtain cooperation from the new proposed defendants, and now respectfully believe that adding them to the case is the best way to move forward.

No Bad Faith. There is no bad faith, either. The proposed amendments were spurred by information learned in discovery.

No Undue Prejudice. There is no undue prejudice. Plaintiff is dropping HII as a defendant, and his causes of action against Chubb remain the same: robocall and caller ID violations under the TCPA and ATDA made on its behalf. Plaintiff is filing this motion in order to bring additional parties involved in the telemarketing at issue into the case.

Amendments Not Futile. These amendments are not futile; they are based upon facts learned in discovery. The substance of Plaintiff's claims won't change: The proposed amendments continue to seek redress under the TCPA and ATDA based on the same type of multi-tiered telemarketing alleged in his current complaint, which the Seventh Circuit found sufficiently pleaded. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 589 (7th Cir. 2021). Plaintiff respectfully believes that it is important to bring Errands and the other involved entities into this case, which will aid in its prosecution on a procedural level and ensure that the direct participants in the calling are held accountable.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit Plaintiff to file an amended complaint. The proposed amended complaint is attached as Exhibit 1.

Respectfully submitted,

Dated: August 31, 2022

MARY BILEK, individually and
on behalf of others similarly situated

By: _/s/ Alexander H. Burke_

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2022, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel of record.

_/s/ Alexander H. Burke_